(33 App. Div. 250.)

## MOREHOUSE v. MOREHOUSE et al.

(Supreme Court, Appellate Division, Third Department. September 13, 1898.)

WILLS—CONSTRUCTION—NATURE OF ESTATE CREATED.

A devise was to testator's daughter, subject to the provision that the realty should not be sold or incumbered during her life, and in case of her marriage and death, leaving children, it should go to them, but if she should die childless, leaving a husband, then one-third should go to him, and two-thirds to the children of testator's brothers. The care of the realty during the daughter's minority was committed to a nephew of testator, who was to expend $50 per year on repairs during her life. *Held*, that the devise was of a fee, subject to its being devested by the daughter dying and leaving children, or dying childless and leaving a husband, and, on her death without marrying, she could devise the entire estate.

Herrick and Merwin, JJ., dissenting.

Appeal from special term, Saratoga county.

Action by William H. Morehouse against Frank H. Morehouse and others for partition. There was a judgment for plaintiff, ordering partition, and some of defendants appeal. Reversed.

The will of Hiram Morehouse provided, among other things, as follows: "All the rest, residue, and remainder of my estate, real and personal, of every name and kind whatsoever, I give and bequeath to my daughter, Effie May Morehouse, subject, however, to the following provisions: That no part of my real estate shall be sold or in any manner incumbered during her lifetime, and in case of marriage and subsequent death, and should leave a child or children, then I give the foregoing devise and bequest to her child or children, and provided further, in case of her marriage, and she should die childless, but should leave a surviving husband, then I give to her husband the one-third part of said residue and remainder of my estate and the remaining two-thirds to the surviving children of my brothers." The control of the realty during the daughter's minority was committed to a nephew of testator, who was authorized to expend $50 per year for repairs during her lifetime.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

James L. Scott, for appellants Manzer and wife.
J. W. Houghton, for appellants Frank H. Morehouse and wife.
J. D. Miller, for appellants Merritt Morehouse and others.
Alex. J. Thompson, for respondent.

PARKER, P. J. The question presented in this case is whether the children of the brothers of Hiram Morehouse, deceased, took under his will any interest in the real estate sought to be partitioned in this action. The plaintiff claims an interest therein under the provisions of such will. The defendants appealing claim that Effie May Morehouse, his only child and heir at law, took under such will the whole title to such premises, and that through her will such title has been devised to them. The provisions of the will under which plaintiff claims have been carefully considered by this court, and we are not all agreed as to their meaning and effect; but a majority of the court have reached the conclusion that, under the will, Effie May Morehouse, the daughter, at the time of her death, was seised of the whole estate, and that her devise thereof to the appellants vested in them the entire interest therein. That being so, the plaintiff had no interest whatever in the premises, and his complaint for the partition

thereof must necessarily be dismissed. We have not overlooked the rule that the intention of the testator is to control in construing the will, and that such intention may be ascertained from an inspection of the whole will, and from such extrinsic circumstances as are pertinent and lawfully before us; nor have we given to any of the language used a technical or restricted meaning calculated to defeat the testator's plain intent. Without entering into a long analysis of its provisions, it is sufficient to say that, in our opinion, the testator has given to his daughter the fee in the whole estate, subject, however, to its being devested in the event that she should marry and die leaving a child or children, or die childless leaving a husband surviving. Neither of those events having happened, the fee so given her was never devested, and she was at liberty to devise the same.

The judgment should be reversed, and the complaint dismissed, with costs to the appellants.

LANDON and PUTNAM, JJ., concur.

HERRICK, J. (dissenting). I am compelled to dissent from the views of the court in this case, and the following is a brief statement of my reasons:

It would appear from the judgment appealed from that the trial court held that, after providing for a life estate in Effie May Morehouse, the testator made no valid disposition of the balance of his estate, but as to it died intestate. I am unable to take that view of the testator's will. There is much learning in the books and cases in regard to the construction of wills, but it does not seem to me profitable to enter into any lengthy discussion of the various rules laid down for the construction and interpretation of wills. The interpretation and construction of each will depends upon its own phraseology. The primary rule is that the intention of the testator, where it is not contrary to law, must be carried into effect. We must seek that intention in the language of the will itself, and in such circumstances as are properly applicable. If we can ascertain it, then we know what the testator's will is, and must enforce it.

Of the will of Hiram Morehouse, in this case, we can say, as was said in the case of Stimson v. Vroman, 99 N. Y. 74–79, 1 N. E. 148: "The will is very unskillfully and bunglingly drawn, and we must arrive at the intention of the testator as well as we can." Without repeating the phraseology or discussing the various provisions of the will, I think it apparent from a reading of the whole will that it was the intention of the testator, Hiram Morehouse, to give only a life estate to his daughter, Effie May Morehouse. It is equally apparent that he intended, in the event of his daughter dying without children, that two-thirds of the residue of the estate should go to the children of his brothers. Such being the testator's intention, and such intention not being contrary to law, nor in conflict with any other portion of the will, it seems to me that the will here is effectual to give two-thirds of the residue of his estate to the children of his brothers, his daughter having died childless. It was also his intention that, in the event of the marriage of his daughter, her husband,

if he survived her, should take one-third of his estate, but the testator omitted to make any final disposition of that one-third of his estate in the event of his daughter dying without having been married. Having omitted to make any such disposition, such one-third descends to the heirs of the testator, according to the statutes of descents, and could be disposed of by such heir or heirs, by will or otherwise.

It follows from this that one-third of the estate passed by the will of Effie May Morehouse, and that the remaining two-thirds should be divided between the children of the brothers of Hiram Morehouse, share and share alike; and the judgment appealed from should be modified accordingly.

MERWIN, J., concurs.